**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| DAIRY FARMERS OF AMERICA, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04-0039-CV-W-FJG |
| | ) |
| ACE AMERICAN INSURANCE CO., et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is NorthWind and ACE Insurance Company's

Motion for Summary Judgment (Doc. # 151), Dairy Farmers of America, Inc.'s Motion

for Partial Summary Judgment (Doc. # 153) and First Health Group Corporation's

Motion to Join Dairy Farmer's Suggestions in Opposition to Defendant's ACE and

NorthWind's Motion for Summary Judgment (Doc. # 164).

## I. BACKGROUND

This case involves a question of insurance coverage.  Dairy Farmers purchased

two excess stop loss policies from ACE Insurance.  Northwind was the managing

general underwriter that underwrote and issued the policies that are at issue.  First

Health was Dairy Farmer's third party administrator or "TPA."  These policies provide

certain excess coverage, on an aggregate or specific basis, in the event that there are

catastrophic medical expenses incurred by one or more beneficiaries under the benefit

plan.  The first policy - "2002 Policy" provided coverage from April 1, 2002 - March 31,

2003.  The second policy - "2003 Policy" provided coverage from January 1, 2003 -

December 31, 2003.  During the renewal process the company seeking coverage and

the Third Party Administrator are required to disclose all claimants with the potential to

reach certain levels of medial expense or with certain diagnoses. The managing general underwriter then uses this information to underwrite the policy. The underwriter has the discretion to add a "laser" to a policy that lasers out or sets a specific deductible or exclusion for individuals based on the information provided in the disclosure. The key question in this case is whether First Heath and Dairy Farmers failed to disclose information regarding hospitalizations for a beneficiary under the plan, Jennifer Tibbetts, as of January 1, 2003 (the date that the Disclosure was signed). Northwind and ACE argue that the disclosure did not adequately disclose the condition of, and prognosis for Ms. Tibbetts, including information about recent hospitalizations and the fact that her cancer had metastasized. First Health and Dairy Farmers state that this information was always available and that they would have provided it, but Northwind never requested any additional information regarding Ms. Tibbetts.

Dairy Farmers brought this action seeking to collect a claim on a stop loss policy. Dairy Farmers have sued NorthWind and ACE for breach of contract under both the 2002 and 2003 policies, they have also brought a claims for vexatious refusal to pay, bad faith denial of policy benefits and bad faith pursuant to a Pennsylvania statute. Alternatively, if Dairy Farmers is found to be precluded from recovery against NorthWind and ACE because of a failure to completely and accurately disclose information relating to Ms. Tibbetts, then Dairy Farmers has asserted claims against First Health for Breach of Contract and Negligence and Breach of Fiduciary Duty. NorthWind and ACE have refused to pay the claim at the original deductible of $275,000 and instead chose to increase the deductible to $750,000, based on subsequent information which they learned regarding Ms. Tibbetts. NorthWind/ACE do not deny that they have an obligation to pay the claim the only question is the amount of the deductible.

2

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a

showing that "there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law

will identify which facts are material. Only disputes over facts that might affect the

outcome of the suit under the governing law will properly preclude the entry of summary

judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving

party meets this requirement, the burden shifts to the non-moving party to "set forth

specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242,

248 (1986). In Matsushita Electric  Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S.

574, 586 (1986), the Court emphasized that the party opposing summary judgment

"must do more than simply show that there is some metaphysical doubt as to the

material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In

reviewing a motion for summary judgment, the court must view the evidence in the light

most favorable to the non-moving party, giving that party the benefit of all inferences

that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler

v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).


## III. DISCUSSION

### 1. Defendant ACE and Northwind's Motion for Summary Judgment

ACE and Northwind argue that Dairy Farmers and First Health did not provide all

the information which was requested. ACE and Northwind argue that the disclosure

form which was submitted did not adequately disclose the condition of and prognosis for

Jennifer Tibbetts, a beneficiary. When NorthWind and ACE learned that Ms. Tibbett's

3

condition was more severe - that her cancer had metastasized and that she had several

other hospitalizations, it retroactively increased the deductible to $750,000. The

language that they rely upon to do this states:

> The Company has relied upon the underwriting information provided by the Policyholder or its agent in the issuance of the Policy. ***If subsequent information becomes known which if known by the Company prior to the issuance of the Policy, would have affected the premium rates, aggregate factors, specific or aggregate deductibles***, terms or any other conditions for coverage, the Company will have the right to:
> (1) rescind the Policy as of the Effective Date; or
> (2) adjust the premium rates, aggregate factors, specific or aggregate deductibles, terms or any other conditions for coverage as of the Effective Date by providing written notice to the Policyholder.

Ace and Northwind argue that the interpretation of an insurance contract is a

question of law for the Court. They state that the key term in the contract is

"subsequent information." This term is not defined, but they state that it should be given

its normal ordinary meaning. ACE and Northwind argue that the relied upon the

Disclosure to be accurate and complete and accepted Dairy Farmer's and First Health

representation that "known clinical information" was disclosed. Ace and Northwind

argue that had this information been disclosed, it would have written the policy

differently.

Ace and Northwind also argue that the 2002 policy was canceled or terminated

by its own terms. This policy was originally effective from April 1, 2002 - March 31,

2003. However, Dairy Farmers chose to renew the policy early to get it back on a

calendar year basis. The 2002 policy provides that it could be terminated earlier if ACE

and Dairy Farmers agreed upon terms to renew it. Dairy Farmers argues that a renewal

endorsement was not issued, so it remained in effect. ACE and Northwind also argue

that the 2002 policy terminated because Dairy Farmers did not continue making

payments on this policy and instead only made payments on the 2003 Policy which had

4

an effective date of January 1, 2003.

ACE and Northwind also argue that Count V - which is a claim for bad faith under Pennsylvania law should be dismissed because Pennsylvania law does not apply. Dairy Farmers agrees that this claim can be dismissed.

Count VI - Bad Faith Denial of Policy Benefits - ACE and Northwind argue that this claim can only be raised in third-party liability insurance situations. Dairy Farmers does not necessarily disagree with this, but argues that it should be allowed to present evidence on this issue because it is relevant to its Vexatious Refusal to Pay count (Count III). ACE and Northwind state that the Court should dismiss the Count and this should be the subject of a motion in limine.

Count III - Vexatious Refusal to Pay - Defendants argue that this Count should be dismissed because summary judgment is proper on the first two counts.

First Health argues that Summary Judgment cannot be granted because: 1) a genuine issue of material facts exists as to whether knowledge of Ms. Tibbett's hospitalizations would have affected the underwriter's decision. First Health argues that the Court should disregard the testimony of the underwriter on this issue, because this would require the court to evaluate the credibility of this witness. Additionally, First Health argues that significant evidence exists to show that the underwriter would not have requested additional information about Ms. Tibbett's or imposed any increased deductible had he known of the "omitted" hospitalizations. First Health also argues that a genuine issue of material facts exists as to whether First Health provided enough information about Ms. Tibbett's that NorthWind could have asked follow up questions. First Health argues that the underwriter had a great deal of information on Ms. Tibbett's but simply choose not to ask for additional information. First Health also states that it

offered to make a case manager available to NorthWind, but NorthWind never took advantage of this offer. First Health also argues that an issue of material facts exists as to whether Dairy Farmers would have accepted the policy with a $750,00 deductible for Mrs. Tibbetts. Finally, First Health argues that NorthWind and ACE are not entitled to summary judgment on the alleged failure to disclose, because the information is immaterial as a matter of law. NorthWind and ACE argue that they are entitled to re-underwrite the policy if any information is not disclosed, regardless of whether the information was material. However, First Health argues that such an interpretation would render the policy illusory. First Health argues that information which NorthWind did not request at the time of underwriting is immaterial as a matter of law.

In response, ACE and Northwind state that if the Court accepts the argument that material issues of fact remain for jury determination - then the Court must also deny plaintiff's motion for partial summary judgment. Additionally, if the Court accepts that there are factual questions as to what the underwriter would have done, had he known about the additional hospitalizations, then ACE and Northwind state that summary judgment is not proper for any party at this time.

**2) Plaintiff Dairy Farmer's Motion for Partial Summary Judgment**

Dairy Farmers moves for summary judgment on Count II (Breach of "2003 Contract") on the basis that NorthWind and ACE breached the policy by failing to reimburse Dairy Farmers for covered claims over and above the original deductible of $275,000. Dairy Farmers argues that the policy as originally issued contained a deductible of $275,000. However, NorthWind and ACE unilaterally and retroactively issued an endorsement to the 2003 policy that increased the deductible to $750,000. Dairy Farmers argues that unless there is a valid legal basis supporting the retroactive

endorsement, that ACE and NorthWind have breached the 2003 policy by refusing to reimburse Dairy Farmers for the covered claims.

After reviewing the parties briefs and the applicable law, the Court finds that there are disputed issues of material fact which would make the entry of summary judgment improper at this time for either side.  Therefore, the Court hereby **GRANTS in part** and **DENIES in part** Defendants ACE and NorthWind's Motion for Summary Judgment (Doc. # 151).  As Dairy Farmers has conceded that Pennsylvania law does not apply, Summary judgment will be **GRANTED** on Count V.  Additionally, Dairy Farmers also acknowledges that Missouri does not recognize bad faith as a tort in first party insurance cases.  Therefore, the Court will also grant summary judgment to Defendants on Count IV.  The Court  **DENIES** Dairy Farmer's Motion for Partial Summary Judgment on Count II (Doc. # 153).  The Court **GRANTS** First Health's Motion to Join Dairy Farmer's Suggestions in Opposition to ACE and NorthWind's Motion for Summary Judgment (Doc. # 164).


Date: September 29, 2006                              **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                        Fernando J. Gaitan, Jr.
                                                                       United States District Judge