# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DAIRY FARMERS OF AMERICA, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-0039-CV-W-FJG |
| ) | |
| ACE AMERICAN INSURANCE CO., et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

Currently pending before the Court is NorthWind and ACE Insurance Company's First Motion in Limine (Doc. # 207), Dairy Farmers of America, Inc.'s Motion in Limine to Preclude Reliance on Misstated Data Provision as a Defense (Doc. # 204) and First Health Group Corporation's Motion in Limine to Exclude Speculative Opinion Testimony by Ace and Northwind (Doc. # 210); Dairy Farmer's Motion to Join Defendant First Health Group's Objections to Defendants Ace and Northwind's Proposed Voir Dire Questions (Doc. # 217); Dairy Farmer's Motion to Join Defendant First Health's Motion in Limine to Exclude Speculative Testimony (Doc. # 218) and First Health's Motion to Join Dairy Farmer's Objections to ACE and Northwind's Proposed Jury Instructions (Doc. # 219).

**1. Defendant Northwind and ACE's First Motion in Limine**

Northwind and ACE move to prohibit all parties from asking any questions or referring to any liability insurance coverage available to these defendants and into the criminal investigation and/or proceedings initiated by the New York Attorney General's office relating to brokerage fees for steering clients to certain insurance carriers in

exchange for undisclosed fees. No parties filed any suggestions in opposition to this motion. Therefore, Northwind and ACE's First Motion in Limine is hereby **GRANTED** (Doc. # 207).

**2. Dairy Farmers of America, Inc.'s Motion in Limine to Preclude Reliance on Misstated Data Provision as a Defense**

Dairy Farmers argues that Northwind and ACE cannot rely upon the Misstated Data provision and retroactively impose a $750,000 laser deductible for Jennifer Tibbetts based upon the alleged non-disclosure during the underwriting process because they never requested or required this information as a condition to issuing the 2003 policy.

Northwind and ACE argue that this is just a rehashing of the summary judgment briefing and is asking the Court to ignore the plain and unambiguous language of the policy. Northwind and ACE argue that the policy has a specific provision for misstated data which provides ACE with certain options to protect itself where an insured or agent has actual knowledge that would have affected the underwriting decision. Northwind and ACE argue that the Court should allow them to present evidence of the policy language, of its underwriter's decisions and his testimony that the omitted information would have affected his underwriting decisions and of the correct and proper imposition of a retroactive laser.

As stated in the Order ruling on the parties' motions for summary judgment, there are disputed facts regarding which parties had an obligation to provide and or ask for information. The Court finds that this provision is relevant to the issues in the case and there is no basis on which to exclude it. Accordingly, the Court hereby **DENIES** Dairy

Farmer's Motion in Limine to Preclude Reliance on the Misstated Data Provision (Doc. # 204).

### 3. First Health Group Corporation's Motion in Limine to Exclude Speculative Opinion Testimony by Ace and Northwind

First Health argues that it anticipates that ACE and Northwind will attempt to elicit speculative, self-serving opinion testimony about what Thomas Kaste and Nicole Dougherty "would have done" if First Health had disclosed additional information during the underwriting process. First Health argues that such testimony is inadmissible under Fed.R.Evid. 602. Northwind and ACE argue that First Health is relying on three product liability cases to make the argument that testimony from key fact witnesses involved in the underwriting process should not be allowed. Northwind and ACE argue that the person who can definitively testify to what would have affected his underwriting decision is the underwriter, Mr. Kaste. If they did not offer this testimony, Northwind and ACE argue that First Health would argue that they did not meet their burden of proof to show that the underwriter's decisions would have been affected. The Court agrees and finds that this is an area which First Health can cover in cross-examination of these witnesses. The Court finds no basis on which to exclude this testimony. Accordingly, First Health's Motion in Limine is hereby **DENIED** (Doc. # 210).

### 4. Motions to Join

Dairy Farmer's Motion to Join Defendant First Health Group's Objections to Defendants Ace and Northwind's Proposed Voir Dire Questions (Doc. # 217); Dairy Farmer's Motion to Join Defendant First Health's Motion in Limine to Exclude Speculative Testimony (Doc. # 218) and First Health's Motion to Join Dairy Farmer's

3

Objections to ACE and Northwind's Proposed Jury Instructions (Doc. # 219) are hereby

**GRANTED**.


Date: October 11, 2006                                   **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                     Fernando J. Gaitan, Jr.
                                                             United States District Judge